UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

KENETTE SUTER,                                    )
                                                  )
            Plaintiff,                            )
                                                  )
v.                                                )  Case No. 1:16cv208
                                                  )
UNUM LIFE INSURANCE COMPANY OF                    )
AMERICA, et al.                                   )
                                                  )
            Defendants.                           )

### DEFENDANT UNUM LIFE INSURANCE OF AMERICA'S MOTION FOR RECONSIDERATION

Defendant Unum Life Insurance Company of America ("Unum"), by counsel, pursuant to Rules 59(e) and 56(f)(2) of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby moves this Court for reconsideration of the Memorandum Opinion and Order, which remands the matters to Unum, the claims administrator, for further consideration. Document 32 ("Mem. Op."); Document 33 ("Order"). While Unum is sympathetic to the situation of Plaintiff Kenette Suter ("Plaintiff"), the opinion and order find for Plaintiff on a ground not argued in the summary judgment proceedings and in relation to a claim for accelerated death benefits, which was neither pled in the Complaint nor pursued at the administrative stage. The Memorandum Opinion and Order are thus inconsistent with Rule 56(f)(2), as Unum was provided with no notice or opportunity to respond to the argument relied upon by the Court. Further, the entire premise for the Court's decision is contrary to Plaintiff's admissions in her Complaint and on summary judgment that neither she nor her deceased husband ever applied for the accelerated death benefits The decision is also contrary to law because Plaintiff plainly failed to comply with the conditions precedent for the recovery of accelerated death benefits under the benefit plan at issue, and her failure to comply cannot be

rescued by the doctrine of substantial compliance.  Unum cannot be liable for the failures and breaches of Plaintff's employer, even if Plaintiff had submitted her section of the accelerated benefits form to the employer (which she has never argued and is contrary to the facts pled).Finally, Plaintff failed to exhaust her administrative remedies, so remand is unwarranted for this reason alone.  The grounds for this motion are more fully set forth in the accompanying memorandum in support.

WHEREFORE, Defendant Unum Life Insurance Company of America hereby requests that its motion be granted, that judgment be entered for Unum, and that it be awarded its costs and expenses incurred herein.

**UNUM LIFE INSURANCE COMPANY OF AMERICA**
By /s/ David E. Constine, III
David E. Constine, III, VSB No. 23223
Rebecca E. Ivey, VSB No. 76873
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia  23218-1122
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
rebecca.ivey@troutmansanders.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this __th day of February, 2017, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

2

Richard D. Carter
Richard D. Carter, PLLC
1765 Duke Street
Alexandria, Virginia 22314
Tel: (703) 549-0076
Fax: (703) 542-1273
rcarter@richcarterlaw.com
*Counsel for Plaintiff.*

By:  /s/ David E. Constine, III
David E. Constine, III, VSB No. 23223
Rebecca E. Ivey, VSB No. 76873
Troutman Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Tel: (804) 697-1200
Fax: (804) 697-6023
david.constine@troutmansanders.com
*Counsel for Defendant.*

30411172

3