IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KENETTE SUTER, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 1:16-cv-208 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| *Defendant.* | ) |

## ORDER

This matter arises out of Defendant, UNUM Life Insurance Company of America's Motion for Reconsideration of the Court's February 7, 2017 Order and Memorandum Opinion. Dkt. No. 38. The Court previously granted the Plaintiff Kenette Suter's Motion for Summary Judgment and remanded this case to the plan administrator for further consideration. Dkt. No. 32. The Court instructed the plan administrator to investigate on remand whether Defendant had received or made any record of following up with the decedent, the Plaintiff, or the decedent's employer regarding an accelerated death benefit request form.[1] *Id.* For the reasons discussed below, the Court hereby GRANTS Defendant's Motion.

Under Federal Rule of Civil Procedure 59(e), the Court may amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hanover Ins. Co. v. Corrpro Companies, Inc.*, 221 F.R.D. 458, 460 (E.D. Va. 2004) (quoting *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). Although "reconsideration

---

[1] The facts of this case are described in detail in the Court's previous Memorandum Opinion. Dkt. No. 33. They are incorporated by reference here and will only be repeated to the extent necessary to resolve this Motion.

of a judgment after its entry is an extraordinary remedy which should be used sparingly," the rule nonetheless permits courts to correct errors or omissions to allow the parties to avoid the time and expense of correcting the ruling through appellate proceedings. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

At the time the Court entered its prior order it did not have a copy of the accelerated benefits form provided to the decedent and Plaintiff. The Court relied upon Plaintiff's representations about the accelerated benefit process. The Court was of the understanding that the decedent was responsible for completing one portion of the accelerated benefits form and sending the partially completed form to the employer for subsequent transmission to the Defendant. The Court accepted Plaintiff's claim that the decedent had sent the form to the employer and the Court was of the understanding that the form could not proceed to the Defendant until the employer completed its sections. The Court further understood that the form was to be faxed only after all of the sections were completed. *See* Dkt. No. 16 at 146 (June 11, 2014 e-mail from "Ask Unum" to Kim Setzer and Andrew Schlueter, carbon copying Kenette Suter, and stating that "I have attached the requested Accelerated Life Benefit Claim form. *Once the Employee, Employer, and Attending Physician sections have been completed, please fax . . . .*") (emphasis added). The Court expressed concern that Defendant's benefit determination process did not consider decedent's completion of the benefit forms where the documents were held up because of the employer's failure to complete its portion of the form.

With the benefit of the additional briefing on this Motion, the Court now understands that relevant portions of the accelerated benefit form are separately sent to the Defendant by the employee, employer, and the employee's attending physician. Dkt. No. 38, Exh. 1. While the employer has a duty to complete certain portions of the accelerated benefit form, that

requirement is independent of decedent's duty to fill out relevant sections for the employee and beneficiary and fax or mail those directly to the Defendant. *Compare id.* ("Employer Statement (pages 4-5): This section should be completed by the employer who should fax it . . . or mail it to the address noted above."); *with id.* ("Employee Statement for Accelerated Life Insurance Benefits (pages 6-7): This section of the form should be completed by the employee who should fax it . . . or mail it to the address noted above."). Thus, the decedent's ability to request accelerated benefits in this case was not held up by the need to channel the documents through the employer. The decedent was required to submit his paperwork directly to the Defendant after which the Defendant would be on notice that the decedent sought accelerated benefits.

The parties agree that neither the decedent nor Plaintiff ever submitted the employee sections of the accelerated benefits form to the Defendant. *See* Dkt. No. 38 at 4 ("Plaintiff did not assert in the Complaint that she and Mr. Suter ever made an election for the accelerated death benefit or completed the proper forms"); Dkt. No. 43 at 6 ("As stated throughout the case, the accelerated benefits application was not submitted to UNUM because Mr. Suter died quicker than was thought. He died while the employer documents were still at IPA."). Because the decedent was obliged to send the benefit acceleration form directly to the Defendant and did not do so, it is inconsequential whether the employer failed to send its portion of the paperwork. Even if the administrative process was reopened and the plan administrator determined that the Defendant did not inquire with the employer about the status of the accelerated benefits form, Defendant's lack of inquiry would not be sufficient to establish that Defendant's benefit denial was based on an insufficient record or that Defendant had not conducted a full and fair review of Plaintiff's claims. With respect to the former claim, there was no record of any request for benefits acceleration and, contrary to the Court's earlier understanding; the form required that

request to come, in part, directly from the decedent. The latter claim would also fail because Defendant had no obligation to review whether the employer completed the accelerated benefits paperwork if the decedent had not independently submitted the employee section of the form.

For the foregoing reasons, the remand imposed by the Court's February 7, 2017 Order and Memorandum Opinion would be futile. Because remand is not warranted in this case, Defendant's Motion for Reconsideration is hereby GRANTED. Dkt. No. 37. Further, the Court vacates its February 7, 2017 Order, Dkt. No. 32, GRANTS Defendant's Motion for Summary Judgment, Dkt. No. 17, and DENIES AS MOOT Plaintiff's Motion for Attorney's Fees. Dkt. No. 34.

March 28, 2017
Alexandria, VA

/s/
Liam O'Grady
United States District Judge